IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| S.E. FOSTER CONSTRUCTION COMPANY | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. 1:06CV00876 |
| SPARTAN ENTERPRISES, INC. | : | |
| Defendant. | : | |

## ANSWER AND COUNTERCLAIM

Defendant Spartan Enterprises, Inc. ("Spartan"), by its undersigned counsel, hereby answers the Complaint and for a defense states:

### Specific Denial of Allegations

1. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and accordingly denies same and demands strict proof thereof.

2. Spartan admits the allegations contained in paragraph 2 of the Complaint.

3. Spartan admits the allegations contained in paragraph 3 of the Complaint.

4. Spartan admits the allegations contained in paragraph 4 of the Complaint.

5. Spartan admits the allegations contained in paragraph 5 of the Complaint.

6. Spartan admits the allegations contained in paragraph 6 of the Complaint.

7. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and accordingly denies same and demands strict proof thereof.

8. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and accordingly denies same and demands strict proof thereof.

9. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and accordingly denies same and demands strict proof thereof.

10. Spartan admits the allegation that Spartan had previously performed electrical subcontracting work for S.E. Foster on other projects. Spartan denies the remainder of the allegations contained in paragraph 10 of the Complaint.

11. Spartan denies the allegations contained in paragraph 11 of the Complaint.

12. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and accordingly denies same and demands strict proof thereof.

13. Spartan admits that it submitted a bid to S.E. Foster in the amount of $3,038,650.00 on or about December 21, 2004. Spartan denies the remainder of the allegations contained in paragraph 13 of the Complaint.

14. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and accordingly denies same and demands strict proof thereof.

15. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and accordingly denies same and demands strict proof thereof.

16. Spartan denies the allegations contained in paragraph 16 of the Complaint.

17. Spartan admits the allegations contained in paragraph 17 of the Complaint.

18. Spartan admits the allegations contained in paragraph 18 of the Complaint.

19. Spartan denies the allegations contained in paragraph 19 of the Complaint.

20. Spartan admits that S.E. Foster sent Spartan a subcontract. Spartan denies the remainder of the allegations contained in paragraph 20 of the Complaint.

21. The document referenced in paragraph 21 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 21 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

22. The document referenced in paragraph 22 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 22 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

23. Spartan denies the allegations contained in paragraph 23 of the Complaint.

24. The document referenced in paragraph 24 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 24 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

25. The document referenced in paragraph 25 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph

25 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

26. Spartan denies the allegations contained in paragraph 26 of the Complaint.

27. Spartan admits the allegations contained in paragraph 27 of the Complaint.

28. Spartan denies the allegations contained in paragraph 28 of the Complaint.

29. Spartan denies the allegations contained in paragraph 29 of the Complaint.

30. The document referenced in paragraph 30 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 30 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

31. Spartan admits the allegations contained in paragraph 31 of the Complaint.

32. Spartan denies the allegations contained in paragraph 32 of the Complaint.

33. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and accordingly denies same and demands strict proof thereof.

34. The document referenced in paragraph 34 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 34 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

35. Spartan denies the allegations contained in paragraph 35 of the Complaint.

36. Spartan denies the allegations contained in paragraph 36 of the Complaint.

37. Spartan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and accordingly denies same and demands strict proof thereof.

38. The document referenced in paragraph 38 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 38 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

39. The document referenced in paragraph 39 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 39 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

40. Spartan denies the allegations contained in paragraph 40 of the Complaint.

41. Spartan denies the allegations contained in paragraph 41 of the Complaint.

42. Spartan admits the allegations contained in paragraph 42 of the Complaint.

43. Spartan denies the allegations contained in paragraph 43 of the Complaint.

44. Spartan denies the allegations contained in paragraph 44 of the Complaint.

45. In response to the allegations contained in paragraph 45 of the Complaint, Spartan admits that it performed work on a time and materials basis at the request of S.E. Foster.

46. Spartan denies that it promised change order price increase information as alleged in paragraph 46 of the Complaint. As such, Spartan admits that no change order price increase information was provided to S.E. Foster.

47. The document referenced in paragraph 47 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 47 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

48. The document referenced in paragraph 48 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 48 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

49. The document referenced in paragraph 49 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 49 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

50. The document referenced in paragraph 50 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 50 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

51. The document referenced in paragraph 51 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 51 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

52. The document referenced in paragraph 52 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph

52 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

  53. The document referenced in paragraph 53 of the Complaint is a writing the terms of which speak for themselves. To the extent the allegations contained in paragraph 53 of the Complaint contradict and/or are otherwise inconsistent with the terms of said writing, they are denied.

  54. Spartan denies the allegations contained in paragraph 54 of the Complaint.

  55. Spartan denies the allegations contained in paragraph 55 of the Complaint.

  56. No factual response is required to paragraph 56 of the Complaint.

  57. Spartan denies the allegations contained in paragraph 57 of the Complaint.

  58. Spartan denies the allegations contained in paragraph 58 of the Complaint.

  59. Spartan denies the allegations contained in paragraph 59 of the Complaint.

  60. Spartan denies the allegations contained in paragraph 60 of the Complaint.

  61. Spartan denies the allegations contained in paragraph 61 of the Complaint.

  62. Spartan denies the allegations contained in paragraph 62 of the Complaint.

  63. Spartan denies the allegations contained in paragraph 63 of the Complaint.

  64. No factual response is required to paragraph 64 of the Complaint.

  65. Spartan denies the allegations contained in paragraph 65 of the Complaint.

  66. Spartan denies the allegations contained in paragraph 66 of the Complaint.

  67. Spartan denies the allegations contained in paragraph 67 of the Complaint.

  68. Spartan denies the allegations contained in paragraph 68 of the Complaint.

  69. Spartan denies the allegations contained in paragraph 69 of the Complaint.

70. Spartan denies the allegations contained in paragraph 70 of the Complaint.

71. No factual response is required to paragraph 71 of the Complaint.

72. Spartan denies the allegations contained in paragraph 72 of the Complaint.

73. Spartan denies the allegations contained in paragraph 73 of the Complaint.

74. Spartan denies the allegations contained in paragraph 74 of the Complaint.

75. Spartan denies the allegations contained in paragraph 75 of the Complaint.

### Affirmative Defenses

1. Plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by its own conduct.

3. Plaintiff's claims are barred by the doctrine of unclean hands.

4. Plaintiff's claims are barred by the doctrine(s) of estoppel, waiver and/or ratification.

5. Plaintiff's claims are barred by the application of the statute of limitations and/or the doctrine of laches.

WHEREFORE, Defendant Spartan requests that this Honorable Court:

A. Dismiss the Complaint with judgment in favor of the Defendant Spartan, <u>with prejudice</u>; and

B. Grant Spartan such other relief as may be appropriate.

## COUNTERCLAIM

Defendant and Counter-Plaintiff Spartan Enterprises, Inc. ("Spartan"), by its undersigned counsel, hereby asserts a counterclaim against Plaintiff and Counter-Defendant S.E. Foster Construction Company ("S.E. Foster"), and as grounds therefore states:

### Count I
### (Breach of Express Contract)

1. Pursuant to an agreement between the parties, Spartan performed certain electrical work on the project referenced in paragraph 7 of the Complaint on a time and materials basis.

2. Spartan fully and completely performed all work requested by S.E. Foster on the project, and has otherwise satisfied all conditions precedent to payment.

3. Despite due demand, S.E. Foster has refused to make payment to Spartan.

4. S.E. Foster owes Spartan an amount not less than $40,000.00 for the time and materials work performed by Spartan at the request of S.E. Foster on the project.

WHEREFORE, Counter-Plaintiff Spartan requests that this Honorable Court:

A. Enter judgment in favor of Counter-Plaintiff Spartan and against Counter-Defendant S.E. Foster in an amount of not less than $40,000.00, plus interest and costs; and

B. Grant Spartan such other relief as may be appropriate.

### Count II
### (Quantum Meruit)

5. The allegations set forth in the foregoing paragraphs are incorporated by reference in this Count as if fully set forth herein, except as inconsistent herewith.

6.  Spartan furnished valuable electrical work on the project referenced in paragraph 7 of the Complaint with the expectation of receiving payment for the goods and services.

7.  S.E. Foster was aware, and had knowledge of, the foregoing benefits conferred upon S.E. Foster by Spartan.

8.  S.E. Foster's acceptance and retention of the electrical work on the project make it inequitable for S.E. Foster to retain these benefits without payment for their value.

9.  The foregoing electrical work on the project furnished by Spartan to S.E. Foster were furnished under such circumstances that S.E. Foster knew Spartan expected to be paid.

10. The reasonable value of the electrical work on the project provided by Spartan for which it has not been paid is not less than $40,000.00.

WHEREFORE, Counter-Plaintiff Spartan requests that this Honorable Court:

A.  Enter judgment in favor of Counter-Plaintiff Spartan and against Counter-Defendant S.E. Foster in an amount of not less than $40,000.00, plus interest and costs; and

B.  Grant Spartan such other relief as may be appropriate.

### Count III
**(Unjust Enrichment)**

11. The allegations set forth in the foregoing paragraphs are incorporated by reference in this Count as if fully set forth herein, except as inconsistent herewith.

12. S.E. Foster has benefitted from the electrical work on the project referenced in paragraph 7 of the Complaint furnished by Spartan.

13. The reasonable value of the electrical work on the project furnished by Spartan for which S.E. Foster has not been paid is not less than $40,000.00.

14. S.E. Foster was aware, and had knowledge of, the foregoing benefits conferred upon S.E. Foster by Spartan.

15. S.E. Foster's acceptance and retention of the electrical work on the project furnished by Spartan make it inequitable for S.E. Foster to retain the benefits thereof without payment for their value.

WHEREFORE, Counter-Plaintiff Spartan requests that this Honorable Court:

A. Enter judgment in favor of Counter-Plaintiff Spartan and against Counter-Defendant S.E. Foster in an amount of not less than $40,000.00, plus interest and costs; and

B. Grant Spartan such other relief as may be appropriate.

Respectfully submitted,

SHULMAN, ROGERS, GANDAL,
 PORDY & ECKER, P.A.


By:_____/s/_____
    William C. Davis, III, Bar No. 420361

11921 Rockville Pike, Suite 300
Rockville, Maryland 20852
(301) 230-5217

Attorneys for Defendant Spartan Enterprises, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2006 a copy of the foregoing Answer and Counterclaim were mailed first class, postage prepaid to:

>David C. Mancini, Esquire
>Thelen, Reid & Priest LLP
>701 Eighth Street, N.W.
>Washington, D.C. 20001

/s/
William C. Davis, III

G:\39\Spartan\Documents\72003066.Answer&Counterclaim.wpd