IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| S.E. FOSTER CONSTRUCTION COMPANY ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SPARTAN ENTERPRISES, INC. ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 1:06-cv-00876 (PLF) |

## S.E. FOSTER'S ANSWER TO COUNTERCLAIM

Plaintiff, S.E. Foster Construction Company ("S.E. Foster"), by and through counsel, answers the Counterclaim of Spartan Enterprises, Inc. ("Spartan") and states as follows:

### Count I
### (Breach of Express Contract)

1. Denied, except to admit that Spartan did perform work on the Project.

2. Denied.

3. Denied except to admit that S.E. Foster has not paid Spartan for work performed on the Project.

4. Denied.

### Count II
### (Quantum Meruit)

5. S.E. Foster incorporates its responses to Paragraphs 1-4 as if fully set forth herein.

6. Denied except to admit that Spartan did perform work on the Project.

7. Denied. S.E. Foster and Spartan had a binding and enforceable agreement – the Subcontract. Any monies due Spartan would have to be submitted by and paid to Spartan pursuant to that agreement.

8.  Paragraph 8 calls for a legal conclusion to which no response is required. To the extent a response is required, S.E. Foster denies the allegations.

9.  Denied. S.E. Foster and Spartan had a binding and enforceable agreement – the Subcontract. Any monies due Spartan would have to be submitted by Spartan pursuant to that agreement. S.E. Foster further denies the allegations by Spartan and inferences therefrom concerning the arrangements for performing and paying for the work.

10. S.E. Foster is without sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, denies the same.

## Count III
### (Unjust Enrichment)

11. S.E. Foster incorporates its responses to Paragraphs 1-10 as if fully set forth herein.

12. Paragraph 12 calls for a legal conclusion to which no response is required. To the extent a response is required, S.E. Foster denies the allegations.

13. S.E. Foster is without sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, denies the same.

14. Denied. S.E. Foster and Spartan had a binding and enforceable agreement – the Subcontract. Any monies due Spartan would have to be submitted by and paid to Spartan pursuant to that agreement.

15. Paragraph 15 calls for a legal conclusion to which no response is required. To the extent a response is required, S.E. Foster denies the allegations

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Spartan's Counterclaim fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Spartan's Counterclaim is barred in whole or in part by setoff and/or recoupment.

## THIRD DEFENSE

Spartan's Counterclaim is barred in whole or in part by the Statute of Frauds.

## FOURTH DEFENSE

Spartan's Counterclaim is barred in whole or in part by the doctrine of unclean hands.

## FIFTH DEFENSE

Spartan's Counterclaim is barred in whole or in part by the doctrines of waiver and/or estoppel.

## SIXTH DEFENSE

Spartan's Counterclaim is barred in whole or in part by the doctrine of ratification.

## SEVENTH DEFENSE

Spartan's Counterclaim is barred in whole or in part by Spartan's own conduct.

## EIGHTH DEFENSE

Spartan's Counterclaim is barred in whole or in part by Spartan's prior material breach of the Subcontract.

S.E. Foster reserves its rights to any other available defenses not mentioned herein that may appear through discovery or the evidence at trial.

DC #222436 v1

WHEREFORE, Plaintiff, S.E. Foster Construction Company, respectfully requests that this Court enter judgment in favor of S.E. Foster against Spartan on Spartan's Counterclaim and award it such further relief as the Court deems just.

Dated:  June 30, 2006

Respectfully submitted,

S.E. FOSTER CONSTRUCTION CO.

By Counsel,

_____/s/_____
David C. Mancini, Esq.  (DC Bar No. 405630)
THELEN REID & PRIEST LLP
701 Eighth Street, N.W.
Washington, D.C.  20001
Ph:  (202) 508-4000
Fax:  (202) 508-4321

## CERTIFICATE OF SERVICE

I certify that S.E. Foster's Answer to Counterclaim was served on this 30th day of June, 2006 by electronic means through the Court's electronic filing system and/or by first class mail, postage prepaid, upon the following:

William C. Davis, III, Esq.
11921 Rockville Pike, Suite 300
Rockville, MD 20852

Counsel for Defendant Spartan Enterprises, Inc.

                              /s/
                         David C. Mancini