### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| S.E. FOSTER CONSTRUCTION COMPANY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. 1:06CV00876 |
| | : | |
| SPARTAN ENTERPRISES, INC. | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**MOTION TO EXCLUDE EVIDENCE RELATED TO ALLEGED DAMAGES OR, <u>IN THE ALTERNATIVE, MOTION TO CONTINUE TRIAL DATE</u>**

Defendant Spartan Enterprises, Inc. ("Spartan"), by its undersigned counsel, hereby moves this Court for entry of an Order excluding S.E. Foster Construction Company ("SE Foster") from introducing evidence regarding certain alleged damages or, in the alternative, entry of an Order continuing the trial date. In support, Spartan states the following:

1. SE Foster filed its Complaint on May 9, 2006.

2. On June 7, 2006, Spartan filed its Answer and Counterclaim.

3. On December 5, 2006, Spartan served its First Set of Interrogatories upon SE Foster. Spartan's Interrogatory No. 14 asked:

> Identify the exact amount of your damages and provide a calculation that shows how your damages amount was calculated.

4. In response, on January 4, 2007, SE Foster identified, in part, the following alleged damages:

> Overhead and profit                                                                                           <u>135,540.45</u>

5. Thereafter, SE Foster's corporate designees were deposed on

February 1, 2007. At that deposition, SE Foster's corporate designees were unable to provide a breakdown for the alleged "overhead and profit" damages.

6. Shortly after the deposition, SE Foster agreed to provide documentation to support its alleged "overhead and profit" damages, and agreed to provide a corporate designee at deposition to answer questions related to this alleged damage. The Court was advised of this agreement at the February 2, 2007 Status Conference, and based upon the representation by SE Foster, Spartan agreed to a trial date of July 17, 2007.

7. Despite Spartan's requests for this information over the past three (3) months, only the attached summary chart has been provided. *See* **Exhibit 1.**

8. Most recently, by e-mail dated May 24, 2007, Spartan's counsel again requested "all documents supporting plaintiff's damages" and sought "available deposition dates beginning at least ten days after all of these additional documents are actually produced." *See* **Exhibit 2.** To date, there has been no response to this e-mail from SE Foster.

9. In accordance with the Notice Setting Deadlines electronically issued in this case, the following deadlines have been set:

    a. Motions deadlines    June 25, 2007;

    b. Joint Pretrial Statement    June 25, 2007; and

    c. Bench trial    July 17, 2007.

10. Presently, Spartan is without SE Foster's documentation to defend against the claim for "overhead and profit" damages. Without such documentation, Spartan has been unable to complete SE Foster's deposition and has been unable to properly defend against

the claim for "overhead and profit" damage, or comply with its obligations under the Pre-Trial Scheduling Order by June 25, 2007.

    11.    In addition, due to the medical condition of lead counsel by S.E. Foster, David Mancini, court-ordered mediation before Judge Facciola was rescheduled from May 29th to June 5th and was postponed yet again from June 5th. No new date has been set.

    WHEREFORE, Spartan respectfully requests that this Court enter an Order either (1) excluding SE Foster from claiming any damage related to "overhead and profit" or, in the alternative, (2) continuing the trial date to permit Spartan the opportunity to complete discovery and properly defend against SE Foster's claim for "overhead and profit."

    Respectfully submitted,

    SHULMAN, ROGERS, GANDAL,
     PORDY & ECKER, P.A.


By:_____/s/_____
    William C. Davis, III, Bar No. 420361

11921 Rockville Pike, Suite 300
Rockville, Maryland 20852
(301) 230-5200

Attorneys for Defendant Spartan Enterprises, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that on this 6th day of June, 2007 a copy of the foregoing Defendant's Motion to Exclude Evidence Related to Alleged Damages, or in the Alternative, Motion to Continue Trial Date was mailed first class, postage prepaid to:

>David C. Mancini, Esquire
>Thelen Reid Brown Raysman & Steiner, LLP
>701 Eighth Street, N.W.
>Washington, D.C. 20001

                                                      /s/
                                        William C. Davis, III

G:143/Spartan/motion to continue trial

Case 1:06-cv-00876-PLF    Document 15    Filed 06/06/2007    Page 5 of 5