IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| S.E. FOSTER CONSTRUCTION COMPANY | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. 1:06CV00876 (PLF) |
| SPARTAN ENTERPRISES, INC. | : | |
| Defendant. | : | |

**OPPOSITION TO MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE SOONEST POSSIBLE STATUS CONFERENCE AND TRIAL DATE**

Defendant Spartan Enterprises, Inc. ("Spartan"), by its undersigned counsel, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., hereby submits this as Opposition to the Motion for Reconsideration or in the Alternative Soonest Possible Status Conference and Trial Date (the "Motion") filed by Plaintiff S.E. Foster Construction Company ("S.E. Foster").

While Spartan certainly does not oppose to S.E. Foster's request for the "soonest possible status conference and trial date," Spartan does oppose S.E. Foster's request that the July 17th trial date be reinstated. Spartan filed its Motion to Exclude Evidence Related to Alleged Damages, or in the Alternative, Motion to Continue Trial Date for one reason and for one reason only -- discovery has not been completed (as agreed by S.E. Foster) and court-ordered mediation with Judge Facciola has not taken place solely and exclusively because of S.E. Foster.

Spartan does not consent to S.E. Foster's "eleventh-hour" attempt to avoid a self-inflicted continuance of the trial date by purporting to withdraw a portion of its damages claim. Moreover, even if the court would permit S.E. Foster to do so, the parties still do not have

sufficient time to commence and complete court-ordered mediation with Judge Facciola before the former trial date. S.E. Foster's Motion fails to address this point. Because of the action/inaction of S.E. Foster, it will simply not be possible for the parties to complete mediation prior to the former pre-trial and trial dates.

As a final matter, for the record Spartan disputes that the communications alleged in paragraphs 8 and 9 of the Motion ever took place. Undersigned counsel was out of his office from Monday, June 11th through Wednesday, June 13th taking depositions in an arbitration proceeding. Other than the June 11th email referenced in paragraph 7 of the Motion (which was the last communication from S.E. Foster's counsel on this topic), undersigned counsel has had no communication with S.E. Foster's counsel as alleged in paragraphs 8 and 9 of the Motion.

More importantly, undersigned counsel categorically denies that he ever indicated to S.E. Foster's counsel that "this approach would be acceptable" to Spartan (i.e. withdrawal of a portion of S.E. Foster's damages in return for keeping the former trial date) as alleged in paragraph 7 of the Motion. To the contrary, if Spartan was waiting for "a more definitive answer . . [from S.E. Foster] on Tuesday, June 12," why would undersigned counsel have ever indicated that "this approach would be acceptable" back on June 7th (as alleged at paragraph 7 of the Motion). This makes no sense and is categorically denied by Spartan.

Spartan believes that the court's decision in cancelling the July 17th trial date due to S.E. Foster's inactions was correct, and as such requests that the Motion be denied.

Respectfully submitted,

SHULMAN, ROGERS, GANDAL,
 PORDY & ECKER, P.A.


By: /s/ William C. Davis, III
     William C. Davis, III, Bar No. 420361

11921 Rockville Pike, Suite 300
Rockville, Maryland 20852
(301) 230-5200

Attorneys for Defendant Spartan Enterprises, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2007 a copy of the foregoing Opposition to the Motion for Reconsideration or in the Alternative Soonest Possible Status Conference and Trial Date and proposed Order were mailed first class, postage prepaid to:

David C. Mancini, Esquire
Thelen Reid Brown Raysman & Steiner, LLP
701 Eighth Street, N.W.
Washington, D.C. 20001


/s/ William C. Davis, III
William C. Davis, III